# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GUADALUPE GONZALEZ MOLINA** <br> **REG. # 39095-177** | **:** | **DOCKET NO. 18-cv-1543** <br> **SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **R. MAYER** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se habeas petition filed by Guadalupe Gonzalez Molina under 28 U.S.C. § 2241. Molina is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

Molina states that he has been incarcerated for the last ten years and restricted to communicating with his children by telephone and email. Doc. 1, p. 5. For the last eighteen months, he complains, his ex-fiancée has blocked him from communicating with his two sons. *Id.* He alleges that she also prevents Molina's mother from communicating with the children and checking on their wellbeing. *Id.* He asks the court to intervene by issuing an order allowing him to correspond with his children through mail and two telephone calls per week. *Id.*

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The court lacks jurisdiction over any petition brought under § 2241 which does not challenge the fact or duration of the petitioner's imprisonment. *Hendrickson v. Guzik*, 249 F.3d 395, 397 n. 4 (5th Cir. 2001). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Molina only requests an order relating to his communication with his children. He makes no request for immediate or accelerated release. This matter is improperly asserted under § 2241 and the court lacks jurisdiction over the petition. Additionally, Molina's petition relates to the

actions of a third party and, furthermore, does not seek release from custody. Accordingly, even if he were to amend his petition and request proper relief under § 2241, he cannot show a constitutional violation and is not entitled to habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Molina cannot show a right to relief under § 2241 and the court does not have jurisdiction over the action. Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 28th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE